UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
DAVID MEEHAN,                                               :
                                                            :  **MEMORANDUM DECISION AND**
                    Plaintiff,     :  **ORDER**
                                                            :
        - against -                                       :  21-cv-2573 (BMC)
                                                            :
                                                            :
BROOKLIV LLC, ARI WEBER, and                                :
MICHAEL FISCHER,                                            :
                                                            :
                    Defendants.    :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

      This wage case under the Fair Labor Standards Act and New York Labor Law is before me on plaintiff's motion for a default judgment. Plaintiff worked as a photographer for the corporate defendant real estate company, presumably taking pictures of real estate so that defendants could sell it. In going on-site to take photographs, plaintiff, with permission, used his employer's car. In doing that, plaintiff ran up what appears to have been a substantial number of parking tickets, of which plaintiff claims "he was not aware." Instead of just demanding reimbursement, however, the employer told him the following: (1) you must pay $700 out of your own pocket as part payment for these tickets; and (2) you must work six Fridays for no pay to pay off the rest of them. Plaintiff did both of those things. In addition to that, for reasons that are not clear, defendants did not pay plaintiff for his final two weeks of work.

      The arrangement imposed by defendants violated the Fair Labor Standards Act and New York Labor Law. There may have been a number of ways for defendants to collect any amounts that plaintiff owed them, but they could not recover those amounts by demanding unpaid work. See Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 740 (1981) (payments

required under FLSA cannot be waived). For that same reason, plaintiff's apparent agreement to this recoupment arrangement does not affect his rights under the FLSA. See Mark v. Gawker Media LLC, No. 13-cv-4347, 2016 WL 1271064, at *9 (S.D.N.Y. March 29, 2016) ("The fact that Mark agreed to work for free does not provide significant affirmative support to Defendants' decision not to pay him … because the right to earn minimum wage under the FLSA cannot be waived.").

Plaintiff has adequately demonstrated that his employer was a covered entity under the FLSA and that the individual defendants had sufficient control and responsibility to be individually liable. He has also established actual damages of unpaid wages and overtime (applying the higher New York Labor Law minimum wage) which means he is also entitled to the same amount as liquidated damages.

The motion for a default judgment is therefore granted. The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $7,030.66.[1] Plaintiff may move for attorneys' fees and expenses under Fed. R. Civ. P. 54(d).

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
October 11, 2021

---

[1] Plaintiff has requested post-judgment interest at the statutory, but any federal judgment accrues that interest by operation of law and thus it need not be specified.