UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
DAVID MEEHAN,

       Plaintiff,

  - against -

BROOKLIV LLC, ARI WEBER, and
MICHAEL FISCHER,

       Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

21-cv-2573 (BMC)

**COGAN**, District Judge.

  This wage case under the Fair Labor Standards Act and New York Labor Law is before me on plaintiff's unopposed motion for the recovery of attorneys' fees and costs. For a case that was resolved on a default judgment, the litigation has been rather extensive. Before the litigation was commenced, there were substantial efforts to negotiate a settlement. Before judgment was entered, defendants undertook extensive efforts to evade service of process, and I ultimately had to authorize special service. After judgment was entered, defendant made two motions to vacate the default and then took an appeal that was dismissed because – you guessed it – defendants defaulted on the appeal. Although the two motions to vacate were wholly without merit, plaintiff's counsel still had to put in the time to respond to them. Plaintiff's fee application reflects defendants' efforts to vexatiously increase the amount of litigation needed to resolve the merits of the case.

  Courts within the Second Circuit generally employ the "presumptively reasonable fee" method when analyzing attorneys' fees motions. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections, 522 F.3d 182, 190

(2d Cir. 2008).  Under this method, courts multiply the "amount of time reasonably spent by counsel" by a reasonable hourly rate to derive a presumptively reasonable overall fee.  Cover v. Potter, No. 05-cv-7039, 2008 WL 4093043, at *5 (S.D.N.Y. Aug. 29, 2008).  A court must then determine whether this presumptively reasonable fee is subject to an upward or downward departure.  Id. at *6.  To determine reasonable hourly rates, courts must refer to "the prevailing [market rates] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984)).  The "community" is generally considered the district where the district court sits.  See Arbor Hill, 522 F.3d at 190.

Plaintiff's fee agreements with counsel provided for a 35% contingent fee or their stated time charges or a contingent minimum of $3000, whichever was higher. Alternatively, the agreements allowed plaintiff to elect an option of specified hourly rates, i.e., a fee-for-service model.[1]  Here, plaintiff seeks $17,500 in attorneys' fees and 790.02 in costs.  That is based on 81.3 hours. The rates are: $450 per hour for the highly qualified senior partner (23.50 hours); $400 per hour for the senior associate (3.4 hours); $175 per hour for a paralegal (50.6 hours) and $45 per hour for a junior paralegal (2.6 hours); and $45-$95 per hour for a "Client Relations Specialist" (4.8 hours).

These rates are at the high end of rates allowed in this district but not beyond it.  The services and particularly the internal intake and vetting procedures used by plaintiff's law firm

---

[1] There is a provision in the fee agreement suggesting that plaintiff in no event would recover more than the amount of plaintiff's judgment.  Upon inquiry by the Court, counsel explained that the provision is a sharing arrangement based on proceeds received.  The Court accepts that explanation, but counsel may want to consider revising that language to remove the ambiguity.

were comprehensive in scope and exceed the level of due diligence often seen in these cases. Plaintiff's papers, including the instant motion, were of the highest quality.

The judgment was in the amount of $7030.66. That is only a fraction of the fees claimed, but as suggested above and as the time records confirm, defendants have no one to blame for that but themselves. I am certainly not going to take out defendants' obstructive efforts on plaintiff or his attorneys.

Accordingly, the motion for attorneys' fees and costs is granted. The Clerk is directed to enter an Amended Judgment providing that plaintiff shall have judgment against defendants, jointly and severally, in the amount of $7,030.66, plus $17,500 in attorneys' fees and $790.02 in costs, for a total of $25,320.68.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       March 7, 2023